IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

R au

ERIC WATKINS,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀⠀⠀CIVIL ACTION NO.: CV210-28
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
ANTHONY HAYNES, Warden,⠀⠀:
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:
⠀⠀⠀⠀⠀⠀Respondent.⠀⠀⠀:

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Watkins ("Watkins"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response; Watkins filed a Traverse; Respondent filed a Reply and Watkins responded. Watkins alleges that an incident report he received, No. 1838444, should be expunged and the thirteen days of good conduct time which he lost as a result of that report should be reinstated. Watkins also requests a declaration from this Court that his due process rights have been violated. Respondent asserts that incident report No. 1838444 has been expunged, that the lost good conduct time has been restored to Watkins, and that this Court lacks jurisdiction to grant a declaration stating that Watkins's due process rights were violated. For the reasons which follow, Watkins's petition should be **DISMISSED**.

## DISCUSSION AND CITATION TO AUTHORITY

Under Article III, Section 2 of the Constitution, jurisdiction of the federal courts to entertain a petition for habeas corpus requires a live case or controversy, meaning that, throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (citing Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)).

Incident report No. 1838444 was expunged from Watkins's disciplinary record and the good conduct time Watkins lost as a result of that report was reinstated. (Doc. No. 8-1, p. 2). This renders Watkins's petition moot. This Court lacks subject-matter jurisdiction to entertain his request for declaratory relief as "the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859, 861-62 (11th Cir. 2008).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Watkins's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _17th_ day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE